NUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE L. BUSHNELL,
    Plaintiff,
v.

HOMEGOODS, INC., *et al.*,   Case No. 08-14543
    Defendants,
                            DISTRICT JUDGE
    and                     ARTHUR J. TARNOW

HOMEGOODS, INC., *et al.*,   MAGISTRATE JUDGE
    Cross-Plaintiffs,   R. STEVEN WHALEN
v.

CBK LIMITED LLC,
    Cross-Defendant.
    _____/

## ORDER
## GRANTING HOMEGOODS' MOTION FOR SUMMARY JUDGMENT [21],
## GRANTING CBK'S MOTION FOR SUMMARY JUDGMENT [20],
## and
## DISMISSING THE CASE

Before the Court are Motions for Summary Judgment by both Defendants/Cross-Plaintiffs Homegoods, Inc., *et al.* ("Homegoods") [21], and Defendant CBK Limited LLC ("CBK") [20]. On December 11, 2009, the Court conducted a hearing, and subsequently entered an Order [29] holding the motions in abeyance and requiring further briefing. Specifically, Plaintiff was directed to file a brief "clarifying his claims for negligence and for premises liability," because prior to argument, it was unclear to defense counsel and to the Court that a premises liability claim was being asserted. Plaintiff filed a brief, and Defendants filed responses. The Supplemental Briefs of Plaintiff [33], Defendant Homegoods [34], and Defendant CBK [35] are now before the Court.

## I. INTRODUCTION

The facts of this case are largely undisputed. On September 15, 2005, Plaintiff was a customer at Defendant Homegoods' retail store in Troy, Michigan. After shopping for about fifteen minutes, Plaintiff saw a bamboo bench that he later described as "sturdy" in appearance. The bench was distributed by Defendant CBK, but manufactured by an entity not a party to this suit. Plaintiff reports that he sat on the bench, and after fifteen or twenty seconds, the bench suddenly broke and collapsed, spilling Plaintiff to the floor and injuring his hand, arm, head, neck, and back.

Count I of Plaintiff's state-court Complaint [1], since removed to this Court, alleges Defendants' collective breach of their duties to manufacture, maintain, display, and sell their products with reasonable care, and of their duty not to sell or display products in a dangerously defective condition. At the hearing, Plaintiff argued that embedded within Count I is also a claim for premises liability, which is now the subject of the parties' supplemental briefs.

Count II alleges that Defendants expressly and/or impliedly warranted that the bench was free from defects and reasonably fit for its intended uses, including to be sat on, and that the collapse of the bench was a breach of warranty. Plaintiff seeks damages for his injuries, medical costs, denial of social pleasures, humiliation and mortification, pain and suffering, and mental anguish.

## II. DISCUSSION

As to both counts, the disposition of the pending summary judgment motions depends at the threshold on Plaintiff's ability to make out a prima facie case of negligence.

*A. PREMISES LIABILITY*

"Michigan law distinguishes between a claim sounding in ordinary negligence, and a premises liability claim." *Thorne v. Great Atlantic & Pacific Tea Co., Inc.*, No. 281906, 2010 WL 746422, at *1 (Mich. App. Mar. 4, 2010) (citing *James v. Alberts*, 464 Mich. 12, 18-19 (2001)). A premises liability action involves a "claim that [the plaintiff] was injured by a condition of the land." *James*, 464 Mich. at 18-19. That is, the injury must arise from a condition of the premises, not from an activity engaged in thereon. *Id*. at 19.

"In a premises liability case, the plaintiff must prove the elements of a negligence claim: (1) a duty owed by the defendant to the plaintiff, (2) the defendant breached that duty, (3) the breach proximately caused plaintiff's injury, and (4) the plaintiff suffered damages." *Gotautas v. Marion Apartments of St. Clair*, No. 270785, 2006 WL 3334592 at *1 (Mich. App. Nov. 16, 2006). The duty owed by a landowner to a visitor varies with the visitor's status on the land. *Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591, 596-97 (2000). Here, it is not disputed that during Plaintiff's visit to Defendant Homegoods' retail store, Plaintiff was an "invitee." The Michigan Supreme Court has defined an "invitee" as:

> "a person who enters upon the land of another upon an invitation which carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises, and make [it] safe for [the invitee's] reception." The landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards.

*Id.*; *see also Lugo v. Ameritech Corp., Inc.*, 464 Mich. 512, 629 (2001) ("In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land.")

In his Brief Clarifying Claims for Negligence and Premises Liability [33], Plaintiff does not argue ordinary negligence, but seeks only "to proceed with his premises liability and implied warranty claims." *See* Pl.'s Br. [33] at 12. Therefore, the Court finds that any claim for ordinary negligence has been **WAIVED**.

In support of his claim for premises liability, Plaintiff relies exclusively on *Debusscher v. Sam's East, Inc.*, a case in which the Sixth Circuit reversed a grant of summary judgment that the district court had entered in favor of a defendant retail store. *See* 505 F.3d 475, 482 (6th Cir. 2007). In *Debusscher*, the plaintiff was struck on the head by a portable basketball goal that tipped over because the base of the unit had not been properly secured with ballast. *Id.* at 477-78.[1]

---

[1] Although the opinion is not entirely clear on this point, the *Debusscher* holding appears to rest primarily on an ordinary negligence analysis. Noting that the plaintiff had "characterized

3

Defendant Homegoods points out, and the Court acknowledges, a relevant factual distinction between *Debusscher* and the present case. That is, "in [*Debusscher*] there was an allegation and evidence of negligent *activity* on the part of the store owner, i.e., the failure to properly fill the base of, or otherwise adequately secure, the basketball goal." *See* Def. Homegoods' Br. at 3. In *Debusscher*, the court noted that the defendant retail store's

> apparent strategy . . . was to place a 55-gallon bucket of pool chemicals on top of the base to provide stability rather than to monitor the level of the ballast inside the base. The use of the 55-gallon bucket of chemicals to secure the basketball goal strongly suggests that [the defendant] *had actual or constructive notice* that an unsecured basketball goal, and specifically the basketball goal in question, presented a risk of falling and potentially injuring employees or customers in the vicinity.

505 F.3d at 480 (emphasis added).

Here, Plaintiff does not claim that Defendant Homegoods had actual or constructive notice that the bamboo bench presented a risk of injury. Plaintiff's own testimony was that no defect was apparent, and that the bench appeared "sturdy . . . very sturdy . . . very nicely made . . . big thick bamboo . . . strong." *See* Def.'s Br. at 1 n. 2 (citing Pl's Depo. at 93). Rather, Plaintiff's theory of liability is that "Defendant inspects or should inspect the bench for defects/unsafe conditions, damage, fitness for display, etc., when it arrives." *See* Pl.'s Br. at 8. However, Plaintiff has not identified any case law or statute that imposes upon a retailer a duty to inspect or test every product that is displayed in its store.[2]

---

her claim as a premises-liability claim rather than as a general negligence claim," the Sixth Circuit conducted an ordinary negligence analysis, and only then added that "even if [the court] were to analyze [the] claim solely under the state's premises-liability standard, summary judgment was improper." *See* 505 F.3d at 479, 481. In its brief treatment of premises liability as an alternative analysis, the *Debusscher* court did not explicitly rule that the display item was a "condition of the land" so as to sustain a claim sounding in premises liability. *See id.* at 481; James, 464 Mich. at 18-19. Here, it is similarly uncertain whether the allegedly defective bamboo bench is properly considered a "condition of the land." The Court will assume so without deciding so, for purposes of this premises liability analysis.

[2] At the previous hearing, the Court asked Plaintiff to provide such authority. *See* Hr'g Tr. at 14:37:27:27 - 14:38:04:03 ("THE COURT: . . . I want a case that says that a retailer has a

The Court having accepted Plaintiff's styling of this case as a premises liability action, the applicable duty of care is that Defendant owed "a duty to [Plaintiff] to exercise reasonable care to protect [Plaintiff] from an unreasonable risk of harm caused by a dangerous condition on the land." *See Lugo v. Ameritech Corp., Inc.*, 464 Mich. at 629. The landowner is required "to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *See Stitt*, 462 Mich. at 596-97. Here, however, Plaintiff has failed to support his argument that Homegoods' duty to inspect its *premises* included a more demanding duty to inspect individual display items, including the bench, for latent defects.

Therefore, because Plaintiff has not established the "duty" element of a prima facie case for premises liability, the Court cannot find the existence of a fact question on the issue of negligence. Accordingly, the Motions for Summary Judgment by Homegoods [21] and by CBK [20] will be **GRANTED** as to Plaintiff's premises liability claim.

### B. *IMPLIED WARRANTY*

Under Michigan law, a "non-manufacturing seller" such as Defendant Homegoods is subject to a product liability claim only as set forth in the Michigan statute that resulted from 1996 tort reform legislation. Specifically, the statute provides that:

> (6) In a product liability action, a seller other than a manufacturer is not liable for harm allegedly caused by the product unless either of the following is true:
>
> (a) The seller failed to exercise reasonable care, including breach of any implied warranty, with respect to the product and that failure was the proximate cause of the person's injuries.
>
> (b) The seller made an express warranty as to the product, the product failed to conform to the warranty, and the failure to conform to the warranty was a proximate cause of the person's harm.

---

duty to test any and every product placed on display . . . [and] if you are going to go to inspection, you better have some evidence that a retailer inspection would have discovered [the defect].)"

5

MCL 600.2947.

Recent Sixth Circuit holdings that have explicitly required that, to establish the liability of a non-manufacturing seller, there must be a showing of fault. *See Croskey v. BMW*, 532 F.3d 511, 321 (6th Cir. 2008) ("[A] plaintiff can recover against a non-manufacturing seller only if the seller fails to exercise reasonable care, or breaches an *express* warranty. Both the plain language of § 600.2947(6) and the legislative intent behind the statute show that non-manufacturing sellers cannot be held liable for damages due to breach of implied warranty, unless they failed to exercise reasonable care."); *see also Konstantinov v. Findlay Ford Lincoln Mercury*, 690 F.Supp. 2d 326, 332-33 (E.D. Mich. 2007) ("[T]his court . . . holds that non-manufacturing sellers can be held liable for breach of implied warranty only if it is shown that they failed to exercise reasonable care, that is, that they knew or had reason to know of the alleged defect.").

Here, the Court has deemed any ordinary negligence claim to have been waived, and it concludes on the basis of the foregoing discussion that Plaintiff has provided inadequate support for his argument that Defendant Homegoods' failed to exercise reasonable care in inspecting its premises. In the absence of a prima facie case for ordinary negligence or for premises liability, the Court finds that Plaintiff has made no showing of fault, and thus Plaintiff's implied warranty claim must fail, as well. Accordingly, the Motions for Summary Judgment by Homegoods [21] and by CBK [20] will be **GRANTED** as to Plaintiff's implied warranty claim.

## III. CONCLUSION

For the foregoing reasons, and the Court being fully advised,

**IT IS HEREBY ORDERED** that CBK's Motion for Summary Judgment [20] is **GRANTED**.

**IT IS FURTHER ORDERED** that Homegoods' Motion for Summary Judgment Based on Seller Liability [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case shall be **DISMISSED**.

**SO ORDERED.**


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: March 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 29, 2010, by electronic and/or ordinary mail.

S/LISA M. WARE
Case Manager

7